# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**JOHN DOE**                                                                                                                         **PLAINTIFF**

**v.**                          **No. 1:19CV151-SA-RP**

**JOB REYES RIVERA, ET AL.**        **DEFENDANTS**

## ORDER *GRANTING* PLAINTIFF'S MOTION [2]
## TO PROCEED UNDER A PSEUDONYM

This matter comes before the court on the plaintiff's motion [2] to proceed in this case under a pseudonym. The case at bar involves allegations that the defendants improperly divulged the plaintiff's medical information. The Federal Rules of Civil Procedure do not make provision for anonymous plaintiffs: "The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Fed. R. Civ. P. 10(a). In certain circumstances, however, courts have allowed plaintiffs to use fictitious names:

> [W]here the issues involved are matters of a sensitive and highly personal nature, such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families, the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter.

*S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979) (internal quotations and citations omitted).

In the Fifth Circuit, a court must consider three factors to determine if a party may proceed anonymously:

> (1) plaintiffs seeking anonymity were suing to challenge governmental activity;

> (2) prosecution of the suit compelled plaintiffs to disclose information "of the utmost intimacy;" and

(3) plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution.

*Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). In this case, the plaintiff is challenging government activity, and the plaintiff's allegation is that the defendants improperly disclosed sensitive medical information. Thus, the plaintiff meets the first two factors. He does not meet the third factor; however, the test for anonymity is not a rigid one. Also, the plaintiff alleges that he has faced embarrassment, ridicule, and threats of violence based upon disclosure of his medical information. For these reasons, the plaintiff's motion [2] to proceed under a pseudonym is **GRANTED. The Clerk of the Court is DIRECTED to alter the docket to reflect the plaintiff's name as "John Doe." In addition, the court and parties will refer to the plaintiff from this point forward in the proceedings as "John Doe."**

**SO ORDERED**, this, the 27th day of March, 2020.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE