IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JOHN DOE**                                                                              **PLAINTIFF**

**v.**                                                           **No. 1:19CV151-SA-RP**

**JOB REYES RIVERA, ET AL.**                                        **DEFENDANTS**

**ORDER *DENYING* PLAINTIFF'S MOTION [71] FOR MORE DEFINITE STATEMENT;
*DENYING* PLAINTIFF'S MOTION [72] TO PROCEED WITH DISCOVERY;
*DENYING* PLAINTIFF'S MOTION [82] TO STRIKE RESPONSE;
*DENYING* PLAINTIFF'S MOTION [90] TO STRIKE ANSWER;
*DENYING* PLAINTIFF'S MOTION [91] FOR AUTOMATIC EXTENSION OF TIME;
*DENYING* PLAINTIFF'S MOTION [93] FOR SANCTIONS AGAINST WATSON;
*DENYING* PLAINTIFF'S MOTION [94] TO COMPEL DISCOVERY**

This matter comes before the court on various motions, listed above. For the reasons set forth below, these motions will be denied. The court will discuss each motion, in turn, below.

### Motion [71] for More Definite Statement

In this motion [71], the plaintiff requests under Fed. R. Civ. P. 12(e) that defendant Brett Watson provide a more definite statement regarding his answer and defenses. Having reviewed the pleading in question, the court finds it to be adequate. As such, this motion [71] will be denied.

### Motion [72] to Proceed with Discovery

Discovery in this case will proceed in accordance with the scheduling order, which will issue in due course. This motion will also be denied.

### Motions [82], [90] to Strike Watson's Response to Motion for Entry of Default and Watson's Answer

The plaintiff argues in these motions [82], [90] to strike that defendant Watson included a request for sanctions in his response to the plaintiff's Motion for Entry of Default and his Answer. The plaintiff argues that Watson's Response and Answer were vexatious and failed to follow the safe

harbor requirements of Fed. R. Civ. P. 11. Mr. Doe is correct that the requests for sanctions did not comply with the safe harbor procedures of Rule 11; however, the court can discern no reason to strike the Response or Answer. Instead, the court will consider the issues and render a decision based upon the arguments presented (including the failure to abide by the safe harbor provision). The plaintiff's motions [82], [90] to strike will therefore be denied.

### Motion [91] for Automatic Extension of Time

The plaintiff has requested an extension of 45 days to any filing deadline he must meet in this case due to processing delays in the prison mailing system for sanitizing mail in light of the coronavirus pandemic. The plaintiff attached an advisory to inmates to inform them of such delays, though the only specific delay mentioned in the document is a "14-day, stay in place" order. The court is well aware of the impact the coronavirus had has on everyday life across the country and will take that into account when dealing with litigants, especially prisoners. The court unofficially provides a "cushion" in the deadlines of all prisoner cases because, even in the best of times, prison mail can be delayed because of lockdowns, mail system trouble, riots, or other problems. With the normal cushion and the court's acknowledgment of the added coronavirus delays, the court has taken sufficient steps to protect the plaintiff's interest in the timely filing of his pleadings and other papers. As such, a rigid 45-day extension to all deadlines is unnecessary, and the instant motion [91] will be denied.

### Motion [93] for Sanctions

The plaintiff also filed a motion [93] for sanctions against defendant Watson based upon his request for sanctions against the plaintiff. The plaintiff mistakenly sought an Entry of Default against Watson after he had already joined the case; the plaintiff then attempted to inform counsel for Watson of the mistake. However, Watson filed a motion for sanctions based, in part, on the filing of the

Motion for Entry of Default. It is unclear when Watson received notice that the plaintiff had filed the document by mistake, and, as Watson notes, the plaintiff has moved to withdraw many documents he has filed in this case. Withdrawing a frivolously filed paper with the court does not necessarily negate the possibility of sanctions for filing it in the first instance. It is also unclear whether the plaintiff, himself, abided by the safe harbor provision of Rule 11. As none of the actions by any party rise to the level of sanctionable conduct, the plaintiff's request [93] for sanctions will be denied.

### Motion [94] to Compel Initial Disclosures

The plaintiff has also moved [94] for the court to compel Mr. Watson to provide initial disclosures; however, as this is a *pro se* prisoner case, Uniform Local Civil Rule 81 states that the deadlines in the case will be governed by the court's scheduling order, which has not yet issued in this case. As such, the instant motion [94] to compel initial disclosures will be denied.

### Conclusion

In sum, for the reasons set forth above, the following motions by the plaintiff are **DENIED:**

(1) Motion [71] for More Definite Statement;

(2) Motion [72] to Proceed with Discovery;

(3) Motion [82] to Strike Response;

(4) Motion [90] to Strike Answer;

(5) Motion [91] for Automatic Extension of Time;

(6) Motion [93] for Sanctions Against Watson;

(7) Motion [94] to Compel Discovery

**SO ORDERED**, this, the 16th day of July, 2020.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE