## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

JOHN DOE                                                                    PLAINTIFF

v.                                                              No. 1:19CV151-MPM-RP

JOB REYES RIVERA, ET AL.                                                    DEFENDANTS

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of John Doe[1], who challenges the events leading to his arrest and indictment on state charges and the revocation of his federal parole. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. As to the state actors, the plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Regarding the federal actor, Mr. Doe proceeds under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389, 91 S. Ct. 1999, 2001, 29 L. Ed. 2d 619 (1971), which permits citizens to seek redress for constitutional violations committed by persons employed by the federal government. Mr. Doe also seeks to sue under the Federal Privacy Act regarding his allegations that various defendants passed on his personal medical information, including his HIV status. Finally, he brings claims of defamation, improper grand jury proceedings, and the validity of his parole revocation proceedings.

Defendant United States Probation Officer Shameka Horton has moved [10] for dismissal as to her for want of valid service of process. For the reasons set forth below, that motion [10] will be

---

[1] In this memorandum opinion, the court refers to the plaintiff by the pseudonym "John Doe."

granted, and defendants United States Probation Officer Shameka Horton and Job Reyes Rivera will be dismissed without prejudice from this suit, as the plaintiff has not properly served them with process.

The plaintiff's claims against defendant Horton will also be dismissed with prejudice, as she enjoys absolute quasi-judicial immunity from suit. Further, the plaintiff's claims against defendants Rivera and Unknown Co-Conspirator will be dismissed with prejudice, as neither defendant is a state or federal actor – and thus cannot be sued under § 1983 or *Bivens*. In addition, the plaintiff's claims regarding medical privacy, defamation, the failure to present exculpatory evidence during grand jury proceedings, and the validity of his revocation proceedings will be dismissed with prejudice for failure to state a claim upon which relief could be granted. As all the plaintiff's claims against defendants Rivera, Horton, and Unknown Co-Conspirator will be dismissed, these defendants will be dismissed with prejudice from this suit.

The following claims will proceed against the sole remaining defendant, Detective Brett Watson: (1) providing inaccurate information leading to the issuance of arrest warrants for the plaintiff in the absence of probable cause, (2) providing incomplete or unreliable evidence and testimony to the grand jury to obtain indictment, (3) providing text messages and statements of dubious origin to prevent the plaintiff from filing a civil suit against defendant Job Reyes Rivera.

### The Underlying Criminal Conviction

In 2005, John Doe pled guilty to one count of wire fraud and one count of coercion or enticement of a female in the United States District Court for the Southern District of Mississippi. 18 U.S.C. § 1342, 18 U.S.C. § 2422. *See* 5:04-CR-17, Docket 45. He was sentenced to 63 months imprisonment with 5 years of supervised release. *Id.* After release from his 63-month imprisonment, the Southern District of Mississippi revoked Mr. Doe's supervised release for testing positive for

- 2 -

anabolic steroids and for leaving the judicial district without permission of the court or a probation officer. *Id.*, Docket 55. He was sentenced to a period of 5-months incarceration, with 55 months of supervised release. *Id.* After release from his 5-month incarceration, his supervised release was revoked for a second time for (1) being arrested for trespassing in Vicksburg, Mississippi; (2) failing to register as a sex offender; and (3) failing to produce a log of the websites visited on his personal computer. *Id.* at Docket 120. The Southern District of Mississippi sentenced Mr. Doe to two periods of 36-months, run consecutively, with lifetime supervised release. *Id.*

After release from the 72-month sentence, his supervised release was revoked for a third time in January 2018 for (1) speeding; (2) communicating with a U.S. Probation Officer using an internet-capable device; (3) having an active Facebook account; (4) twice traveling outside the judicial district without permission; (5) being charged for making threats; and (6) being charged with willfully exposing another person to Human Immunodeficiency Virus ("HIV"). 3:15-CR-45-HTW-FKB. He was sentenced to two periods of 36-months, run consecutively, with lifetime supervised release. *Id.* Mr. Doe remains incarcerated under this revocation.

### Mr. Doe's Extensive Litigation History

As the government outlined in its Motion to Dismiss, Mr. Doe has appeared as a party in numerous federal cases – as a defendant in criminal cases, the plaintiff in prisoner civil suits, the petitioner in various *habeas corpus* actions, and the appellant during his various appeals. The incomplete list the government compiled included some *fifty-five* prior appearances in federal court. Indeed, Mr. Doe has legally changed his name, proceeded under abbreviated names, and under a pseudonym – so it is likely that he has filed other suits not included in the list. The court has not inquired about state court cases, but is aware of at least two. Mr. Doe has also "struck out" under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), which means he may not proceed as a pauper in

any civil action in federal court unless he can show he is under imminent danger of serious physical injury. *See [Doe] v. Harrison Co., et al.*, 18-60781 (5th Cir. 2019) (appeal dismissed as frivolous). Mr. Doe paid the filing fee in the present case.

## Allegations

Mr. Doe's allegations are lengthy; as such, the court will break them down by factual claim in a brief summary.

(1) Defendants *Horton, Watson, Rivera, and Unknown Co-Conspirator* violated Mr. Doe's right to medical privacy by disseminating his medical history, including HIV status, to third parties.

(2) Defendants *Watson, Rivera, and Unknown Co-Conspirator* defamed the plaintiff by disseminating false and defamatory allegations against him online, such as the allegations that he intentionally exposed another person to HIV and attempted to extort money from that person.

(3) Defendant *Horton* did not seek to stop Watson, Rivera, and Unknown Co-Conspirator from disseminating the false and defamatory allegations; the reason for this is that Horton wished to retaliate against Mr. Doe for filing various lawsuits against federal officials in San Diego and attempting to move to San Diego to receive medical treatment for his rare medical condition.

(4) Defendants *Watson, Rivera, and Unknown Co-Conspirator* presented unreliable information to a state judge (to secure warrants unsupported by probable cause) and to the grand jury (to secure a state indictment unsupported by probable cause).

(5) Defendant *Watson* failed to present exculpatory evidence to the grand jury.

(6) Defendants *Watson, Rivera, and Unknown Co-Conspirator* presented incriminating text messages of dubious origin and false statements to prevent Mr. Doe from pursuing a civil suit against defendant Rivera.

## Improper Service of Process as to Defendants Horton and Rivera
## Under Fed. R. Civ. P. 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) allows the court to dismiss a case for insufficiency of service of process. A district court enjoys broad discretion in determining whether to dismiss an action for ineffective service. *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986). When service of process is challenged, the serving party bears the burden of proving its validity or showing

good cause for failure to effect timely service. *Sys. Sings Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

This court does not have personal jurisdiction over federal defendants sued in their individual capacities without proper service. Mr. Doe failed to satisfy the requirements of Rule 4 of the Federal Rules of Civil Procedure, and therefore his complaint should be dismissed under Rule 12(b)(5) for insufficient service of process. Federal Rule of Civil Procedure 4(i)(3) makes clear that in order to properly serve a United States employee in an individual capacity, the party must serve the United States *and* also serve the officer or employee under Rule 4(e), (f), or (g).

The United States Attorney for the Northern District of Mississippi never received a summons and complaint; nor did the Attorney General of the United States. Further, a review of the docket reveals no proof of service on Officer Horton individually. Therefore, Mr. Doe has not served either the United States or Officer Horton in accordance with Fed. R. Civ. P. 4(i)(3), and this case should be dismissed under Fed. R. Civ. P. 12(b)(5). In addition, Mr. Doe never properly served defendant Rivera with process in accordance with the Federal Rules of Civil Procedure. Mr. Doe has requested additional time to serve these two defendants with process; however, as discussed below, they will be dismissed with prejudice based on the merits of this case, and the court will deny those motions.

### No Claim of Medical Privacy

On June 29, 2017, Mr. Doe participated in a hearing in federal court in which he waived doctor/patient confidentiality and discussed his HIV diagnosis. Exh. B at 7, 17, 36.[2] All of the plaintiff's allegations regarding violation of his medical privacy took place *after* this date. Once Mr. Doe testified in open court about these matters, he waived the privilege associated with them because

---

[2] The exhibits referenced in this memorandum opinion may be found attached to defendant Horton's Motion to Dismiss. Doc. 10-1.

"[a] trial is a public event. What transpires in the court room is public property." *Craig v. Harney*, 331 U.S. 367, 374, 67 S. Ct. 1249, 1254, 91 L. Ed. 1546 (1947).

In any event, the text of the Privacy Act, itself, makes clear that it does not apply to this case. The statute reads, in relevant part:

> No agency shall disclose any record *which is contained in a system of records* by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record [meets one or more of a number of criteria].

5 U.S.C.A. § 552a (emphasis added).

The problem Mr. Doe faces is that the medical information the defendant Horton allegedly revealed was not "contained in a system of records" within Ms. Horton's agency (United States Probation and Pretrial Services). Instead, the medical information came from Mr. Doe, himself. In order for a plaintiff alleging federal Privacy Act violations to state a claim for relief, he must allege that: (1) the information was a covered record; (2) the agency disclosed the record; (3) the disclosure had an adverse effect on him; and (4) the disclosure was willful. *See Jacobs v. Nat'l Drug Intelligence Ctr.*, 423 F.3d 512, 516 (5th Cir. 2005). Mr. Doe has not alleged any facts to support the first two elements. As for the first element, the information was not an agency record. Thus, regarding the second element, as the information was not "contained in agency records," the agency could not have disclosed it (under the meaning of the statute). As such, Mr. Doe has failed to state a valid claim for relief under the federal Privacy Act, and this allegation will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

### Defamation Is Not a Valid Claim Under 42 U.S.C. § 1983

The plaintiff alleges that he suffered emotional distress and defamation of character as a result of the actions of defendants Watson, Rivera, and Unknown Co-Conspirator. "Section 1983

imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). Injury to reputation by false and defamatory statements is not a right protected by due process; as such, it is not cognizable under 42 U.S.C. § 1983. *Paul v. Davis*, 424 U.S. 693, 712, 96 S. Ct. 1155, 1166, 47 L. Ed. 2d 405 (1976). The plaintiff does not have a constitutional right to be free from defamation and emotional distress; as such, his claims for relief under 42 U.S.C. § 1983 must be dismissed. *Kerr v. Lyford,* 171 F.3d 330, 339 (5th Cir. 2003), *abrogated on other grounds by Castellano v. Fragozo,* 352 F.3d 939, 948–49 (5th Cir. 2003) (citing *Paul v. Davis,* 424 U.S. 693 at 712, *Shinn v. College Station Indep. Sch. Dist.*, 96 F.3d 783, 786 (5th Cir. 1996) (per curiam) (there is no freestanding constitutional right to be free from emotional distress); *see also Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e) (a *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for psychological or emotional damages). As such, Mr. Doe's allegations of defamation against defendants Watson, Rivera, and Unknown Co-Conspirator will be dismissed with prejudice for failure to state a constitutional claim.

### Heck

Mr. Doe's claims involving the revocation of his parole must be dismissed under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck* the Supreme Court clarified the relationship between actions under 42 U.S.C. § 1983 and *habeas corpus* proceedings. The Supreme Court emphasized in *Heck* that there is no requirement of "exhaustion" of *habeas corpus* remedies in order to proceed on a claim under § 1983. Rather, a damage claim that calls into question the lawfulness of conviction or confinement or otherwise demonstrates the

invalidity of the conviction or confinement is not cognizable under § 1983 until such time as a § 1983 plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

Indeed, *no* type of civil action which, if successful, would impugn the validity of a conviction or sentence is cognizable until that conviction is determined to be invalid.  *Stephenson v. Reno,* 28 F.3d 26, 1994 U.S.App. LEXIS(R) 21164 (5th Cir.1994) (*Heck* applies to *Bivens* actions); *Parris v. United States,* 45 F.3d 383, 1995 U.S.App. LEXIS(R) 875 (10th Cir.)(*Heck* applies to actions under Federal Tort Claims Act), *cert. denied,* 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871, 1995 U.S. LEXIS(R) 3416 (1995); and *Williams v. Hill,* 878 F.Supp. 269, 1995 U.S. Dist. LEXIS(R) 2979 (D.D.C.1995).  (*Heck* applies to civil "RICO" actions).

In the present case, the plaintiff's success in his claim for damages against defendant Horton would necessarily draw into question the validity of his parole revocation – and thus his confinement. Therefore, the plaintiff must "demonstrate that the conviction or sentence has already been invalidated," *Heck*, 114 S. Ct. at 2372, in order for the § 1983 cause of action to accrue.  *See Norwood v. O'Hare*, 404 F. App'x 923, 924 (5th Cir. 2010); *see also Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995).  Mr. Doe has made no such showing; as such, this allegation

will be dismissed for failure to state a claim upon which relief could be granted. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

## Absolute Quasi-Judicial Immunity

Under the facts of this case, Ms. Horton, a parole officer, enjoys absolute quasi-judicial immunity from suit, as to all of her acts that are judicial in nature (those involving Doe's supervision and the revocation of parole). As discussed below, Ms. Horton, a quasi-judicial officer, is cloaked with absolute judicial immunity and must be dismissed from this case.

Under the doctrine of judicial immunity, judicial officers are absolutely immune from civil liability for acts performed in the exercise of their judicial function. *Mireles w. Waco*, 502 U.S. 9, 10 (1991). Indeed, "[j]udicial immunity is an *immunity from suit* and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (emphasis added). Judicial immunity may be pierced in two circumstances: (1) "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune from actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Bowling v. Roach*, No. 19-41003, 2020 WL 2838622, at *3 (5th Cir. May 29, 2020), *quoting Mireles v. Waco*, 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Four factors determine whether a judicial officer's actions are judicial in nature: (1) whether the acts are a normal judicial function; (2) whether the acts occurred in a courtroom or other judicial space; (3) whether the complained-of acts relate to a case pending before the judicial officer; and (4) whether the acts relate directly to an appearance before the judicial officer in his official capacity. *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993).

Section 1983 also provides absolute judicial immunity to judicial officers against claims for injunctive relief:

> [I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Judges also enjoy absolute immunity from civil claims for damages in *Bivens* actions. *Villegas v. Galloway*, 458 F. App'x 334, 337 (5th Cir. 2012). Absolute judicial immunity even extends to *Bivens* claims for injunctive relief:

> More recently, courts have extended this absolute judicial immunity to *Bivens* suits for injunctive relief. *See, e.g., Bolin v. Story,* 225 F.3d 1234, 1242–43 (11th Cir. 2000); *Mullis v. U.S. Bankr.Ct. for Dist. of Nev.,* 828 F.2d 1385, 1391–94 (9th Cir.1987); *Emerson v. United States,* No. 12–884, 2012 WL 1802514, at *3 (E.D.La. Apr. 30, 2012); *Boyd v. Vance,* No. 09–7643, 2010 WL 235031, at *2 (E.D.La. Jan. 13, 2010); *Wightman v.. Jones,* 809 F.Supp. 474, 479 (N.D.Tex. Dec. 7, 1992). In so doing, these courts have cited policy considerations as well as congressional amendments to Section 1983 law extending immunity against such claims to suits for injunctive relief in most circumstances. *See, e.g., Wightman,* 809 F.Supp. at 476–79.

*Thibodeaux v. Africk*, No. CIV.A. 14-921, 2014 WL 3796078, at *3 (E.D. La. July 30, 2014).

Our sister court in the Southern District has come to the same conclusion, holding, "judicial Defendants are absolutely immune from suit for monetary damages as well as equitable relief." *Edmonson v. Lee*, No. 3:08CV149-LTS, 2008 WL 2080912, at *3 (S.D. Miss. May 9, 2008). This court also recognizes absolute judicial immunity for all types of suits, whether grounded in law or equity.

In this case, Officer Horton is cloaked in "quasi-judicial immunity," as she is a probation officer sued for performing tasks "intimately associated with the judicial phase of the criminal process." *Id*. at 430. Probation officers serve as an "arm of the court," a function integral to the judicial process, and as such, are entitled to quasi-judicial immunity. *See Brown v. Butler*, 811 F.2d 938, 941 (5th Cir. 1987); *Sanchez v. Smith*, 8 F.3d 20 (5th Cir. 1993); *Burkes v. Callion*, 433 F.2d 318, 319 (9th Cir. 1970); *Demoran v. Witt*, 781 F.2d 155 (9th Cir. 1985); *Johnson v. Kegans*, 870 F.2d 992

(5th Cir. 1989). As Ms. Horton enjoys absolute immunity from suit for the allegations in the present case, she must be dismissed with prejudice from this case.

<b>Defendants Rivera and Unknown Co-Conspirator<br>Are Not State or Federal Actors</b>

Defendants Job Reyes Rivera and Unknown Co-Conspirator are private citizens, not government actors. As such, Mr. Doe's claims against these defendants must be dismissed for failure to state a claim upon which relief could be granted. Relief under 42 U.S.C. § 1983 is only available to preserve a plaintiff's federal constitutional or statutory rights against a defendant acting *under color of state law*. *See* 42 U.S.C. § 1983. Thus, a § 1983 plaintiff may only pursue his civil rights claims against someone who is a state actor. Similarly, a plaintiff suing under *Bivens* must seek relief for actions taken by federal officials under color of federal authority.[3] *Bivens* 403 U.S. at 397.

Mr. Doe's allegations as to Mr. Rivera and Unknown Co-Conspirator in the present case are that they gave law enforcement authorities incorrect information regarding Doe's actions, and that information led to his arrest and indictment on state charges and the revocation of his federal parole. However, the mere fact that a private citizen files a complaint with the police department or asks that an individual be arrested does not constitute government action. *See Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988) (private individual's filing of a criminal complaint containing falsehoods cannot be attributed to the state; private party does not act under the color of state law simply because he elicits, but does not join, an exercise of official state authority). Thus, defendants Rivera and

---

[3] "The purpose of *Bivens* is to deter individual *federal* officers from committing constitutional violations." *Malesko*, 534 U.S. at 70, 122 S.Ct. 515 (emphasis added). It is unclear how permitting a lawsuit against an individual who is *not* a federal officer could serve this purpose. *Holly v. Scott*, 434 F.3d 287, 291 (4th Cir. 2006).

Unknown Co-Conspirator were not acting under color of state or federal authority, and Mr. Doe's allegations against them fail to state a claim under either § 1983 or *Bivens*.

### Watson's Alleged Failure to Present Exculpatory Evidence to the Grand Jury

Mr. Doe argues that Mr. Watson, a law enforcement officer, violated his constitutional rights by failing to present exculpatory evidence to the grand jury. This argument fails for at least two reasons. First, as a law enforcement officer, Mr. Watson did not present evidence to the grand jury; that is the role of the prosecutor, and Mr. Doe's claim fails for this reason alone. In addition, even if Mr. Watson were a prosecutor, the state is not required to present exculpatory evidence to the grand jury. *See United States v. Williams*, 504 U.S. 36, 37, 112 S. Ct. 1735, 1736, 118 L. Ed. 2d 352 (1992). As the state is not required to present exculpatory evidence to the grand jury, then state actors cannot violate a defendant's constitutional rights in declining to do so. This ground for relief must therefore be dismissed for failure to state a claim upon which relief could be granted.

### Conclusion

For the reasons set forth above:

(1) The motion [10] by *Shameka Horton* to dismiss for want of personal jurisdiction will be granted;

(2) Defendants *Shameka Horton and Job Reyes Rivera* will be dismissed without prejudice from this suit, as the plaintiff has not properly served them with process;

(3) The plaintiff's claims against defendant *Shameka Horton* will also be dismissed with prejudice, as she enjoys absolute quasi-judicial immunity from suit;

(4) All of the plaintiff's claims against defendants *Job Reyes Rivera and Unknown Co-Conspirator* will be dismissed with prejudice, as neither defendant is a state or federal actor – and thus cannot be sued under § 1983 or *Bivens*.

(5) In addition, the plaintiff's claims regarding *medical privacy, defamation, failure to present exculpatory evidence during grand jury proceedings, and the validity of his revocation proceedings* will be dismissed with prejudice for failure to state a claim upon which relief could be granted;

(6) As all the plaintiff's claims against defendants *Rivera, Horton, and Unknown Co-Conspirator* will be dismissed on the merits, these defendants will be dismissed with prejudice from this suit;

(7) The following claims will, however, proceed against *the sole remaining defendant, Detective Brett Watson*:

    a.  providing inaccurate information leading to the issuance of arrest warrants for the plaintiff in the absence of probable cause;

    b.  providing incomplete or unreliable evidence and testimony to the grand jury to obtain indictment in the absence of probable cause, and

    c.  providing text messages and statements of dubious origin to prevent the plaintiff from filing a civil suit against defendant Job Reyes Rivera.

**SO ORDERED**, this, the 27th day of August, 2020.

**/s/ Michael P. Mills**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
