IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JOHN DOE**                                                                            **PLAINTIFF**

**v.**                                                         **No. 1:19CV151-MPM-RP**

**JOB REYES RIVERA, ET AL.**                                          **DEFENDANTS**

**ORDER *DENYING* PLAINTIFF'S MOTION [189] TO
DEFER RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT;
DENYING PLAINTIFF'S MOTIONS [133], [171], [172], [174], [187],
[197], [205], [213], [214] FOR DISCOVERY**

This matter comes before the court on the motion [189] by the plaintiff to defer ruling on the defendant's motion for summary judgment until the plaintiff obtains additional discovery to refute the evidence supporting the summary judgment motion. The plaintiff has also requested [133], [171], [172], [174], [187], [197], [205], [213], [214] additional discovery. For the reasons set forth below, the instant motions [133], [171], [172], [174], [187], [197], [205], [213], [214] will be denied.

**Claims Remaining in the Case**

The court issued an order on August 27, 2020, dismissing all defendants and claims in this case, except for the following three claims against defendant Brett Watson:

(1) That he provided inaccurate information leading to the issuance of arrest warrants for the plaintiff in the absence of probable cause;

(2) That he provided incomplete or unreliable evidence and testimony to the grand jury to obtain a state indictment; and

(3) That he provided text messages and statements of dubious origin to prevent the plaintiff from filing a civil suit against defendant Job Reyes Rivera.

The defendant's summary judgment motion includes evidence tending to undermine these claims, including: (1) Defendant Watson's criminal investigative file regarding Mr. Doe; (2) a composite exhibit of text messages; and (3) Defendant Watson's Affidavit. The defendant also argues in his summary judgment motion that he is cloaked in qualified immunity.

**Standard for Fed. R. Civ. P. 56(d)**

Rule 56(d) of the *Federal Rules of Civil Procedure* states:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

"Rule 56 does not require that any discovery take place before summary judgment can be granted . . . ." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). "While Rule 56(d) motions are broadly favored and should be liberally granted, the party filing the motion must demonstrate how additional discovery will create a genuine issue of material fact." *Smith v. Reg'l Trans. Auth.*, 827 F.3d 412, 422-23 (5th Cir. 2016) (citations and quotations omitted). Rule 56(d), however, "does not 'permit a plaintiff to go fishing.'" *Anderson v. Morris*, 2018 U.S. Dist LEXIS 53154, at *8 (N.D. Miss. March 29, 2018) (quoting *Kean v. Jack Henry & Assocs., Inc.*, 577 F.App'x 342, 347 (5th Cir. 2014)). Mr. Doe, the nonmovant, "'must [thus] set forth a plausible basis for believing the specified facts . . . probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Nelson v. Sparks*, 2016 U.S. Dist. LEXIS 206, at *9 (N.D. Miss. Jan. 4, 2016) (quoting *Raby v. Livingston,* 600 F.3d 552, 561 (5th Cir. 2010) (citation and quotation omitted)).

Plaintiffs are not entitled to Rule 56(d) relief if they "'fail to explain what discovery [they] did have, why it was inadequate, and what [they] expected to learn from further discovery.'" *Am. Gen. Life Ins. Co. v. Hannah*, 2012 U.S. Dist. LEXIS 174494, at *8 (N.D. Miss. Dec. 12, 2012) (quoting *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999) (in part quoting *Reese v. Anderson*, 926 F.2d 494, 499 n.5 (5th Cir. 1991) (internal quotation marks omitted)). Plaintiffs may not "'simply rely on vague assertions that discovery will produce needed, but unspecified, facts.'" *Smith v. Reg'l*

*Transit Auth.*, 827 F3d 412, 423 (5th Cir. 2016) (quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990)). While "Rule 56(d) relief does not depend on the filing of an affidavit or declaration, the failure to do so provides sufficient grounds for denial of the request." *Miller v. City of Leland*, 2020 U.S. Dist. LEXIS 29960, at *3 (N.D. Miss. Feb. 21, 2020) (citing *Leza v. City of Laredo*, 496 F. App'x 375, 377-78 (5th Cir. 2012)).

## Qualified Immunity

"Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). To overcome the qualified immunity defense, a plaintiff must meet a two-pronged test. He must first allege a violation of a clearly established constitutional right. *Wilkerson v. Stalder*, 329 F.3d 431, 434 (5th Cir. 2003); *Heitschmidt v. City of Houston*, 161 F.3d 834, 836–37 (5th Cir.1998). "To be 'clearly established' for purposes of qualified immunity, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). In addition to alleging the violation of a clearly established constitutional right, a plaintiff must also allege facts showing that the defendant's conduct was objectively unreasonable in the light of the law established at the time of the incident. *Heitschmidt*, 161 F.3d at 836–37. Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at

the time. *Hunter v. Bryant,* 502 U.S. 224, 228 (1991). As discussed below, Mr. Doe has not stated why he believes the evidence in support of the summary judgment motion might be suspect – or how any facts he may glean from such discovery may create a genuine issue of material fact. Thus, the instant motion to defer ruling on the summary judgment motion, as well as the pending motions for additional discovery, will be denied.

## Discussion

Mr. Doe seeks the following discovery to gather rebuttal evidence: (1) records and transcripts from Oktibbeha County Circuit Court and Grand Jury; (2) information regarding how the text messages were extracted from the victim's cellular phone; (3) information regarding how defendant Watson obtained information regarding Mr. Doe's status as HIV-positive; (4) written or recorded statements of the victim; and (5) depositions of various witnesses. He argues that, without such discovery, he cannot rebut the defendant's evidence. He has not, however, stated the reasons he believes the documents in question might yield evidence to support his claims or create an issue of material fact.

First, much of the evidence Mr. Doe seeks involves his claim that defendant Watson improperly revealed his private medical information – his HIV status. As that claim has been dismissed, the information regarding HIV is irrelevant, and his requests for it will be denied.

Second, claims (1) and (2) involve establishing probable cause. Claim (1) is whether Brett Watson had established probable cause to arrest Mr. Doe. Claim (2) is whether Watson provided incomplete or unreliable evidence and testimony to the Grand Jury to determine whether probable

cause existed to proceed with prosecution.[1] Detective Watson has provided numerous documents showing the evidence he had at his disposal before Mr. Doe's arrest – and prior to Grand Jury proceedings. Neither of these situations involves a criminal defendant's presentation of evidence; instead, the arresting officer has information at his disposal evidence he believes to support the arrest – or the prosecutor presents his evidence to the Grand Jury he believes supports an indictment. In neither case does the State have to consider or present exculpatory evidence. *See United States v. Williams*, 504 U.S. 36, 37, 112 S. Ct. 1735, 1736, 118 L. Ed. 2d 352 (1992) (the state is not required to present exculpatory evidence to the grand jury). Claim (3) appears to involve the same evidence as in Claims (1) and (2).

>Mr. Doe was charged in state court under Miss. Code Ann. § 97-27-14(1), which states:
>
>It shall be unlawful for any person to knowingly expose another person to human immunodeficiency virus (HIV), hepatitis B or hepatitis C. Prior knowledge and willing consent to the exposure is a defense to a charge brought under this subsection. A violation of this subsection shall be a felony.

Miss. Code. Ann. § 97-27-14(1). Prior to arresting Mr. Doe, Detective Watson had information tending to support each of the elements of this offense. Detective Watson had statements from the victim that he and Mr. Doe had completed sexual acts, text messages to that effect, and information from several sources that Mr. Doe was HIV-positive (including a court transcript of Mr. Doe's *own testimony*.) The victim also told Detective Watson that he did not know that Mr. Doe was HIV-positive when they had sexual relations. This evidence is sufficient to establish probable cause for a police officer to arrest, as well as for a grand jury issue an indictment to proceed with prosecution

---

[1] Mr. Doe has not made clear precisely what evidence Detective Watson presented to the Grand Jury that might have been incomplete or unreliable. In addition, there is no transcription of the Grand Jury proceedings.

under Miss. Code Ann. § 97-27-14(1). Detective Watson stated in his affidavit that he "testified at the grand jury consist[ently] with everything in my investigative report, the statements taken from [the victim], the information located on [the victim's] phone, and the information I provided to get the two warrants." Doc. 167-3 at 3.

Mr. Doe was also charged with extortion under Miss. Code Ann. § 97-3-82, which reads, in relevant part:

> A person is guilty of extortion if he purposely obtains or attempts to obtain property of another or any reward, favor, or advantage of any kind by threatening to inflict bodily injury on any person or by committing or threatening to commit any other criminal offense, violation of civil statute, or the public or private revelation of information not previously in the public domain for the purpose of humiliating or embarrassing the other person, without regard to whether the revelation otherwise constitutes a violation of a specific statute.

Miss. Code. Ann. § 97-3-82.

Mr. Doe's only specific allegation regarding the need for additional discovery surrounding the reliability of the forensic phone investigation is that the "threatening text messages were allegedly extracted from Defendant Rivera's cell phone which were shown to have occurred in July 2016 when [he] was incarcerated at F.C.I. Butner." [Doc. 189] at Plaintiff's Affidavit ¶ 4. Detective Watson, however, relied only upon text messages from *2017* in making his probable cause determination. *See* [Doc. 168] at pgs. 5-6 fns. 20-27; pg. 15 fn. 59; pg. 18 fn. 76. In addition, Detective Watson's warrant for extortion specifically states that the threatening text messages sent by Mr. Doe were between August 1, 2017, and August 24, 2017. [Doc. 167-1] at DEF 116. Hence, as the information Detective Watson used to support the warrants arose from text messages from 2017, any text messages from 2016 are irrelevant to his probable cause determination. Additional discovery surrounding the

reliability of the cell phone extraction because of text messages from 2016 would not be material to the outcome of the Watson's pending motion for summary judgment.

In the text messages attributed to Mr. Doe, he repeatedly threatened to expose the victim's drug use, nude photographs, and other potentially embarrassing private matters to his family, friends, school, and law enforcement in an attempt to coerce the victim to "keep his promises," one of which, the victim told Detective Watson, was to return some money Mr. Doe had given him as a gift. The texts also revealed that Mr. Doe attempted to extort sexual favors from the victim in this way. Indeed, the victim stated that the text messages were from Mr. Doe, and the text messages themselves contained references to facts involving the plaintiff (such as a possible trip to San Diego for medical treatment – the subject of a hearing in federal court). The texts and statements established probable cause to arrest Mr. Doe for extortion. As discussed above, neither Detective Watson nor the prosecutor were required to consider exculpatory evidence during the probable cause determination for arrest or the grand jury.

Finally, Mr. Doe claims that Detective Watson provided text messages and statements of dubious origin to prevent the plaintiff from filing a civil suit against the defendant. Mr. Doe has not stated why he suspects that the text messages and statements are inaccurate; nor is it clear how the text messages and statements might prevent Mr. Doe from filing a civil suit. It appears that he could file such a suit and resolve the validity of those statements and messages through discovery.

Put simply, a competent law enforcement officer could have reasonably relied upon the information available to Detective Watson to support an arrest on the charges of knowingly exposing a victim to HIV – and extortion. He was not required to collect or consider exculpatory evidence, and the evidence at hand easily established probable cause to effect Mr. Doe's arrest and to move forward

with prosecution. The defendant would thus likely prevail on his defense of qualified immunity in this case.

## Conclusion

For the reasons set forth above, the instant motion under Fed. R. Civ. P. 56(d) to defer ruling on the defendant's motion for summary judgment is **DENIED**. The plaintiff has not shown that the additional discovery would reveal a material fact sufficient to defeat summary judgment, and the defendant's evidence appears sufficient to support his defense of qualified immunity and a dispositive ruling on the merits. The plaintiff's various motions [133], [171], [172], [174], [187], [197], [205], [213], [214] for discovery are also **DENIED**.

**SO ORDERED**, this, the 15th day of December, 2020.

> **/s/ MICHAEL P. MILLS**
> **UNITED STATES DISTRICT JUDGE**
> **NORTHERN DISTRICT OF MISSISSIPPI**